**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FATMATA SESAY OSIAS, AKA Fatmata Sesay, | No.   18-15140 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-03761-EJD |
| v. | MEMORANDUM* |
| COUNTY OF SANTA CLARA, erroneously sued as Santa Clara County Valley Medical Center, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

    Fatmata Sesay Osias, AKA Fatmata Sesay, appeals pro se from the district

court's summary judgment in her employment action alleging violations of Title

VII.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Zetwick*

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017).  We affirm.

The district court properly granted summary judgment on Osias's retaliation claim based on her March 2012 Equal Employment Opportunity Commission charge because Osias failed to raise a genuine dispute of material fact as to whether defendant's legitimate, non-retaliatory reasons for its adverse actions were pretextual.  *See Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1284 (9th Cir. 2001) (explaining burden-shifting framework for Title VII retaliation claims and requirements for establishing pretext); *see also Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 969 (9th Cir. 2002) (a plaintiff must offer "specific, substantial evidence of pretext" (citation omitted)).

We reject as unsupported by the record Osias's contentions regarding the authenticity of defendant's evidence and that the district court failed to consider her evidence at summary judgment.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**